IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

```
OTIS PARHAM, JR.,              )
                              )
Plaintiff,                    )
                              )
vs.                           )    NO. 1:08-CV-18
                              )
JERRY HILL AND JOHN BEATTY,   )
                              )
Defendant.                    )
```

OPINION AND ORDER

This matter is before the Court on Defendant John Beatty's Motion to Dismiss Complaint, filed on March 6, 2008. For the reasons set forth below, the motion is **GRANTED.** The Clerk of the Court is **ORDERED** to **DISMISS** this action without prejudice for lack of subject matter jurisdiction.

BACKGROUND

On January 14, 2008, Otis Parham, acting *pro se*, filed a complaint against Jerry Hill ("Hill" and John Beatty ("Beatty"). The complaint is titled "Employment Discrimination Complaint," but in the section where the plaintiff is to select the law under which the complaint is brought, Plaintiff did not make any selection. Plaintiff alleges the following facts in his complaint:

> The best for safety Local 2209 John Beaty
> [sic] with weapon into plant on job attempted
> to kill.   I got 6 month [sic] without pay
> [sic] John Beatty didn't [sic] get any.   UAO
> Local 2209 didn't [sic]  represent me - nor
> file

Plaintiff seeks the following relief:

> I am suing charges these pupil [six] for 6
> month's [sic] pay 44,000 for having weapon's
> [sic] into plant and attempted kill was a set
> up.   Hate crime Jelous [sic] Terrior's [sic]
> E.T.C. whatever the reason.

The complaint does not include the address or citizenship of either Defendant.  Indeed, the complaint does not even reveal where the alleged incident occurred.

The instant motion to dismiss alleges that the Plaintiff's complaint fails to establish that this Court has subject matter jurisdiction over the Plaintiff's claims.  The motion to dismiss further alleges that the complaint should be dismissed as to Beatty due to insufficiencies in service of process.  Plaintiff filed a response on April 24, 2008, and Defendant filed a reply on April 30, 2008.  The matter is now ripe for adjudication.


DISCUSSION

Federal courts are courts of limited jurisdiction.  *Hart v. FedEx Ground Package System Inc.,* 457 F.3d 675 (7th Cir. 2006). The party asserting jurisdiction has the burden of establishing that the cause lies within the federal court's limited jurisdiction.  *Id.*  This Court has an obligation to ensure that it

has proper subject matter jurisdiction over each lawsuit that it brought in this Court, irregardless of whether the parties raise the issue of subject matter jurisdiction. *Wernsing v. Thompson*, 423 F.3d 732, 743 (7th Cir. 2005).

In the instant case, the Plaintiff does not allege any jurisdictional basis for his complaint. Indeed, Plaintiff's response to the instant motion to dismiss fails to address the issue of jurisdiction even after it was raised by Defendant Beatty. As a result, Plaintiff has wholly failed to sustain his burden of demonstrating that this Court has subject matter jurisdiction over his claim. Nonetheless, because Plaintiff is proceeding pro se, this Court considers whether either federal question or diversity jurisdiction exist over Plaintiff's claims. 28 U.S.C. section 1331 confers jurisdiction on this Court over claims arising under the "Constitution, laws, or treaties of the United States." Diversity jurisdiction, pursuant to 28 U.S.C. section 1332, requires complete diversity of citizenship between the plaintiffs and the defendants and the proper amount in controversy (more than $75,000). *Neuma, Inc. V. AMP, Inc.*, 259 F.3d 864 (7th Cir. 2001).

With regards to Defendant Beatty, it appears from the complaint that Plaintiff is bringing a claim for assault or battery. This is a state law claim, and does not present a federal question. *See Smith v. Gerber*, 64 F.Supp.2d 784 (N.D. Ill. 1999).

For this Court to have diversity jurisdiction over Plaintiff's claim against Beatty, the amount in controversy must exceed $75,000, and there must be complete diversity of citizenship between Plaintiff and all Defendants.  The complaint must allege the amount in controversy and the citizenship of all parties. *Guaranty Nat'l Title Company, Inc. v. J.E.G. Associates,* 101 F.3d 57, 58 (7th Cir. 1996); *Zenith Electronics Corp. v. Kimball International Mfg., Inc.*, 114 F.Supp. 764, 767 (E.D. Ill. 2000). Here, Plaintiff's complaint acknowledges that his damages are $44,000, and also fails to establish that there is diversity of citizenship between the parties.

That does not, however, end this Court inquiry into subject matter jurisdiction.  Even if this Court might lack jurisdiction over Plaintiff's claim against Beatty had that claim been brought independently of Plaintiff's claim against Hill, the claim was not so crafted.  Accordingly, before this Court can determine if it possesses subject matter jurisdiction over Plaintiff's claim against Beatty, this Court must consider whether it has subject matter jurisdiction over Plaintiff's claim against Hill, such that this Court could properly invoke supplemental jurisdiction, pursuant to 28 U.S.C. section 1367 over Plaintiff's claim against Beatty.

With regards to Hill, Plaintiff's only references to Hill in his complaint is in the caption and the list of defendants.  His

facts fail to ascribe any particular action or wrongdoing to Hill. However, in Plaintiff's response, it appears that Jerry Hill is the individual Plaintiff charges with failing to represent him. *Pro se* complaints are construed liberally, meaning that *pro se* litigants are not held to the stringent standards applied to formally trained members of the legal profession. *Caldwell v. Miller*, 790 F.2d 589 (7th Cir. 1986).   Indeed, "Fed.R.Civ.P. 8(a)(1) does not require a plaintiff to set forth the statutory basis for the district court's subject-matter jurisdiction in order for the court to assume jurisdiction, so long as he alleges facts sufficient to bring the case within the court's jurisdiction." *Id*.   Nonetheless, the complaint as a whole must reveal a proper basis for jurisdiction.   *Loss v. Blankenship,* 673 F.2d 942, 950 (7th Cir.1982).   The complaint before this Court does not include any citation to any statute or constitutional provision that might provide Plaintiff with a cause of action.   Nonetheless, this Court has construed Plaintiff's complaint liberally, as it is required to do.

This Court considered whether Plaintiff might have intended to bring a claim under the Labor Management Relations Act ("LMRA"), but such a claim would need to be lodged against the union itself, not the individual union member who allegedly caused the harm.   29 U.S.C § 185(b)(providing immunity to individual union officers); *see also* <u>The Developing Labor Law</u>, 1880-81 (Patrick Hardin et al.,

5

Eds., 4th ed. 2001).  This Court cannot construe Plaintiff's claim as a claim under the LMRA.

This Court has also considered whether the Plaintiff might have intended to bring a suit for race discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. section 2000e-5.  But, as with any possible LMRA claim, the Plaintiff did not name any defendant who could possibly be liable under Title VII.  *See Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995) (providing that there is not individual liability for damages under Title VII).  Furthermore, although the form complaint used by Plaintiff provides a list of various statutes for Plaintiff to choose from, including Title VII, Plaintiff failed to select Title VII.

This Court is unaware of any federal constitutional provision or law that would permit Plaintiff to bring a cause of action in federal court against Hill for the alleged harm.  Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's claims against both Hill and Beatty.

Even if Plaintiff had established subject matter jurisdiction, this Court would have dismissed Defendant Beatty due to Plaintiff's insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).  The manner in which Plaintiff attempted to serve Beatty does not comply with Fed. R. Civ. P. (4)(e), as Beatty

was not served personally, by leaving copies at his place of abode, or otherwise in accordance with state law.


CONCLUSION

For the reasons set forth above, Defendant John Beatty's Motion to Dismiss Complaint is **GRANTED.** The Clerk of the Court is **ORDERED** to **DISMISS** this action without prejudice for lack of subject matter jurisdiction.


**DATED: May 2, 2008**                    **/s/RUDY LOZANO, Judge**
                                          **United State District Court**